■ JAMES R. MARTENS, Respondent, v ROBERT W. MARTENS, Appellant. —In an action to impress a trust upon certain real property and to compel defendant to execute a deed conveying title to the said real property, defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Dutchess County, dated December 31, 1975, as, after a nonjury trial, included in the award in favor of plaintiff the sum of $7,000, representing money owed plaintiff as the result of an inheritance. Judgment reversed insofar as appealed from, on the law, with costs, and the principal amount awarded plaintiff is reduced by $7,000; action remitted to Trial Term for entry of an appropriate amended judgment. No fact questions were presented by this appeal. Plaintiff and defendant are father and son, respectively. In 1972 plaintiff conveyed certain real property to defendant. Subsequently, plaintiff asked defendant to reconvey the property to him. Defendant refused. Thereupon, plaintiff brought this suit seeking to impress a trust upon the property and to compel defendant to execute a deed reconveying the property to him. At the trial plaintiff testified that he had made an agreement with defendant at the time of the conveyance that defendant would reconvey the property on plaintiff's request. Defendant denied that such an agreement existed. Testimony was elicited to the effect that defendant had paid off a $10,000 debt owed by plaintiff which could have resulted in a sale of the property. Defendant also testified that he had given plaintiff an additional $18,000. Plaintiff admitted that this was true, but testified that the $18,000 was part of an inheritance which defendant had received from his grandfather (the plaintiff's father). Plaintiff contended that the inheritance, some $50,000, was originally willed to him, but that he prevailed upon his father to change the will, giving his share to defendant, because plaintiff was afraid that his wife would take it in a divorce settlement. Plaintiff testified that defendant agreed he would return the money upon request. Defendant acknowledged that an oral arrangement had been made, but did not state what the arrangement was, other than to say that he felt plaintiff was entitled to some of the money. The court entered a judgment in favor of plaintiff in the sum of $29,000, which amount is comprised of two elements: (1) $22,000, representing the differ-

ence between the fair market value of the property and the $10,000 debt which defendant paid off; and (2) $7,000, representing the difference between one half of defendant's inheritance, or $25,000, and the $18,000 which defendant testified that he had already given plaintiff out of the money which he received from the inheritance. On this appeal defendant contends that the $7,000 was improperly awarded, because plaintiff never pleaded a cause of action concerning the inheritance and never requested any relief based upon the inheritance. We agree. The basic requirement of a pleading is that it give notice to the other party of the transactions or occurrences relied upon by the pleader (see CPLR 3013; see, also, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3013:2, p 611). The complaint in this action absolutely failed to give any notice to defendant that plaintiff intended to rely upon the inheritance to obtain relief. Plaintiff correctly points out that, under CPLR 3017 (subd [a]), "the court may grant any type of relief within its jurisdiction appropriate to the proof whether or not demanded". However, it is clear that CPLR 3017 is meant to be read with CPLR 3013, rather than instead of it. The pleadings must still give appropriate notice of the cause of action (see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3017:5, p 114). Here, defendant was clearly prejudiced by the court's award because he was unaware, possibly until the moment that the decision was rendered, that his inheritance from his grandfather was at issue. Under these circumstances, it cannot be said that defendant was given his day in court on this cause of action. Accordingly, that element of the award must be stricken. Latham, Acting P. J., Margett, Suozzi and Mollen, JJ., concur.