■ CARMINE IANNONE et al., Respondents, v CAYUGA CONSTRUCTION CORPORATION et al., Appellants.—Judgment, Supreme Court, New York County, entered April 26, 1977, after a jury trial before Justice Schwartz, which awarded each of the two plaintiffs $40,000 together with interest, reversed, on the law, vacated, the second and fourth causes of action of the complaint dismissed and the matter remanded for a new trial with respect to the first and third causes of action, with $75 costs and disbursements of this appeal to abide the event. This is an action to recover for property damage allegedly arising out of blasting operations performed by the defendants who entered into a contract with the city to construct a subway on Second Avenue between 110th Street and 120th Street. Construction work commenced in March, 1973 and blasting operations took place in October, 1974 until the end of 1975. The complaint contains four causes of action, two on behalf of plaintiff Di Giorgio, the owner of premises located at 2250 Second Avenue to recover damages to the building "as the result of the blasting operations." The first cause of action (by the owner) is predicated on "absolute liability" and the second cause (by the owner) is predicated on negligence in that the defendants "failed to exercise reasonable care or to take necessary precautions *when they were blasting* and as such were negligent" (emphasis supplied). The third cause of action brought by plaintiffs Carmine and Julia Iannone (tenants) who operate a store (meat market) at the premises to recover for loss of business, disturbance in their enjoyment of the leased space and for general physical and mental injuries and anguish, is predicated on "absolute liability." Similarly the fourth cause of action brought by these tenants is based on negligence in that the defendants "failed to exercise reasonable care or to take necessary precautions *when they were blasting* and as such were negligent" (emphasis supplied). Defendants served a demand for particulars in which they specifically sought amplification of the complaint with respect to "The cause of the alleged accident to plaintiff's property, including the immediate and proximate cause as well as remote cause." Plaintiffs responded in their bill of particulars to this request by merely reiterating certain allegations of the complaint. A fair reading of the complaint, thus unamplified, as to the acts claimed by plaintiffs to have caused them damage in consequence of defendants' negligence impels the conclusion that only negligence in blasting operations is claimed. In its charge to the jury, the trial court instructed that plaintiffs' claims against defendants were founded not only on the blasting operations, but also on negligence *before* blasting. Defendants voiced their strong objection to that part of the court's charge "as allows the jury to consider damages claimed to be caused by the [defendants] before blasting on the ground that a fair reading of the pleading * * * limits the negligence claim to damage while blasting or in the course of it." This

objection is well taken. CPLR 3013 required that "Statements in a pleading shall be *sufficiently particular* to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense" (emphasis supplied). The primary function of the complaint herein was to adequately advise the defendants of the plaintiffs' claim or claims (see *Foley v D'Agostino*, 21 AD2d 60, 62-63; *Martens v Martens*, 56 AD2d 594, 595). Patently, the object of a complaint is to fully inform a defendant as to the extent of the claims being made against him and to achieve this goal, vagueness is to be avoided so that a defendant can intelligently plan and prepare to respond without risk of surprise. The complaint in this action, even interpreted fairly under the liberal approach adopted under the CPLR, failed to give any notice to defendants that the plaintiffs intended to rely on negligence before blasting. Study of the record discloses no evidence of negligence on defendants' part in blasting. In addition to pleading a claim for damages sustained by virtue of defendants' negligence in blasting, plaintiffs under the doctrine enunciated in *Spano v Perini Corp.* (25 NY2d 11) pleaded an alternative claim for absolute liability caused by defendants in blasting. In pleading a claim predicated on absolute liability, a plaintiff need not prove that the blaster was negligent, but must demonstrate causation, i.e., that the blasting caused the damage. Of course, a claim based on absolute liability in blasting would, of necessity, be subsumed in a claim alleging negligence in blasting as long as the latter claim contained an adequate "notice of the transactions * * * intended to be proved and the material elements of [the] cause of action" (CPLR 3013) (see *Spano v Perini Corp., supra,* p 18). It could well be argued, therefore, that the second and fourth causes of action pleading negligence in blasting are redundant in light of the first and third causes of action alleging absolute liability in blasting for the simple reason that plaintiffs' burden of proof would be the same under all the causes except that as to the first and third cause, plaintiffs need not show negligence. Therefore, on this record defendants are entitled to dismissal of the second and fourth causes of action based on negligence in blasting. To reiterate, the trial court charged on absolute liability in blasting and on negligence before blasting, although the latter claim was not advanced in the complaint or during trial by the plaintiffs on their direct case. Indeed, it appears this claim was articulated for the first time by plaintiffs' counsel during motions at the end of the trial. The record demonstrates that defendants in light of the absolute liability claim made the central issue of causation the keystone of their defense and did not have an opportunity to prepare a defense for a claim of negligence before blasting. Accordingly, since the plaintiffs failed to prove a prima facie case of negligence in blasting operations, and since the case was sent to the jury on the issue of negligence prior to blasting operations which issue was not properly raised, as well as on the issue of absolute liability in blasting operations, a new trial is warranted on the causes of action pleading absolute liability in blasting. Inasmuch as it cannot be concluded that the general verdict of the jury in favor of the plaintiffs was not based on the ground of negligence prior to blasting operations, the verdict must be vacated and a new trial ordered (*Lebron v New York City Tr. Auth.,* 44 NY2d 782). Concur—Lupiano and Lane, JJ.; Kupferman, J., concurs in a separate memorandum and Fein and Sullivan, JJ., dissent in part in a memorandum by Sullivan, J., as follows:

Kupferman, J. (concurring). I would remand for a new trial on damages only, with respect to the first and third causes of action, there being some

elements thereof which are questionable in view of the requirement of proximate cause in a blasting case. (See *Spano v Perini Corp.,* 25 NY2d 11.) However, there would be little advantage to be gained by eliminating the need to find the obvious absolute liability and, in order to resolve the problem, I join Judges Lupiano and Lane. I would dismiss the second and fourth causes of action. As I see it, the so-called "negligence *before* blasting" is not a new factor but rather part of the configuration. There was sufficient evidence for the jury to determine liability, and, as the opinion with which I am concurring indicates, the negligence allegations are redundant in the light of the absolute liability conclusion warranted in this matter. The rule of *Lebron v New York City Tr. Auth.* (44 NY2d 782), does not apply.

Sullivan, J. (dissenting in part). I agree with the majority that the judgment must be reversed because of prejudicial error in the charge which permitted the jury to consider negligence before blasting in an overly broad context so as to include "the opening of the cuts in the street, the pile-driving operations, heavy machinery, moving of utilities". Both the second and fourth causes of action charged defendants with negligence in that they "failed to exercise reasonable care or to take necessary precautions when they were blasting". To place this case in proper perspective, it is important to recognize that the blasting complained of continued from October, 1974 through the end of 1975, at the rate of four to seven blasts a day, every day of the work week. Furthermore, the complaint does allege a series of blasting operations. That being so, a fair interpretation of the allegation of negligence "when they were blasting" would include defendants' (1) failure to underpin properly the building which is claimed to have been damaged, (2) failure to brace the building when movement was observed, and (3) proceeding with dewatering operations without taking further precautions, as to all of which there was proof in this record sufficient to sustain the negligence causes of action. Accordingly, I would reverse and remand all four causes of action, including those alleging negligence, for a new trial.