Anthony M. Livoti, J.
This is a motion to strike out and dismiss that portion of the defendant’s second amended answer designated as a defense and a counterclaim for legal insufficiency.
The plaintiff, a former officer, director, stockholder and employee of the defendant corporation, brought the action to recover salary for services allegedly rendered by him to the corporation and for additional salary, bonus, earnings and income allegedly due as a result of an agreement made with him by the corporation.
The defendant, in the defense and counterclaim sought to be stricken, alleges, in substance, that it was a corporation engaged in the business of general contracting; that plaintiff, as one of its stockholders, officers, directors and employees, was privy to all facts and confidential information relating to the conduct of its business; that plaintiff was duly removed as an officer and director on November 11, 1958; that in or about June, 1958, plaintiff secretly and covetly, in concert with his two sons, caused the organization of another corporation to directly compete with the defendant in the same type of business; that this corporation did so and has continued to compete with the defendant; that the plaintiff provided the capital for this competing corporation and assumed the office of chairman of its board of directors as well as a major role in the conduct of its business; that subsequent to the discovery of such secret competition the plaintiff rendered no services whatsoever to the defendant; that during all times commencing with June, 1958, the plaintiff failed to act solely for the benefit of the defendant in all matters relating to his employment by the defendant, but, on the contrary, acted for the benefit of the competing corporation for his own benefit and for the benefit of his associates in the competing corporation; that plaintiff took unfair advantage of his position with defendant and of the confidential information and business *964 methods acquired thereby to enable the said corporation to compete to the plaintiff’s gain and the defendant’s detriment; that plaintiff violated his duty to deal fairly with defendant in concealing his adverse interests and in failing to give defendant his undivided loyalty, knowing that if such conflicting interests were known to the defendant it would not have consented thereto; that the plaintiff received the sum qf $5,250 in 1958 as compensation in consideration of loyal service to be rendered during the course of that year and the sum of $1,110 for salary received between September, 1958, and November 11, 1958, during which time plaintiff rendered no services to the defendant; that plaintiff was not entitled to such compensation and that the defendant is entitled to its return.
Assuming the truth of the foregoing affirmative matter, the court is of the opinion that the defendant states, for the purposes of pleading, a good defense and counterclaim. It is well settled that a corporate officer may not make use of relations of trust and confidence in order to secure or promote some selfish interest nor may he act inconsistent with his agency or trust. (See Jones Co. v. Burke, 306 N. Y. 172, 188; Sage v. Culver, 147 N. Y. 241, 247.)
Accordingly, the motion is denied. The plaintiff may serve his reply to the counterclaim within 10 days after the service of a copy of the order.