JOHN FOLEY et al., as Executors of PASQUALE D'AGOSTINO, Deceased, Appellants, *v.* NICHOLAS D'AGOSTINO et al., Respondents, et al., Defendants.

First Department, March 17, 1964.

*Justin M. Golenbock* of counsel (*Seymour Kleinman, Lawrence K. Feitell* and *Martin W. Felcher* with him on the brief; *Golenbock & Barell,* attorneys), for appellants.

*Sidney P. Howell, Jr.,* of counsel (*Louis H. Powell* and *Richard S. Guyer* with him on the brief; *Regan Goldfarb Powell & Quinn,* attorneys), for respondents.

EAGER, J. This appeal is from an order which, upon motion pursuant to 3211 (subd. [a], par. 7) of the Civil Practice Law and Rules, dismissed plaintiffs' complaint and each of the three causes of action therein upon the ground that there was a failure to state any cause of action.

The action was brought by the plaintiffs as 50% shareholders in several related family close corporations engaged in conducting a chain of supermarkets in New York City with the prominent use of the family name " D'Agostino " in the names and businesses of the corporations. The first and second alleged causes, stated to be brought " on behalf of " plaintiffs " and in the right and for the benefit of the family corporations " are alleged to be maintained against the other 50% stockholder and certain directors, officers and employees of the corporations for an injunction and an accounting in connection with their alleged wrongful organization and threatened conduct of an independent and competing supermarket utilizing the family name. The first cause is claimed to be sustainable on the theory that the acts and threatened acts of the individual defendants are in violation of the fiduciary obligations owing by them as officers to the family corporations; and the second alleged cause is framed on the basis that such acts amount to unfair competition in violation of the rights of the family corporations. There is a third alleged cause of action which is set up on the alleged basis of the existence of a joint venture rather than on the theory of a derivative action.

Under the Civil Practice Law and Rules, the sufficiency of a pleading to state a cause of action or defense will generally depend upon whether or not there was substantial compliance with section 3013 providing that " Statements in a pleading shall be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense." These provisions are declared to be " the heart of the pleading requirement and [represent] an attempt to set up a realistic requirement of pleading " (First Preliminary Report of Advisory Committee on Practice and Procedure [1957], p. 63). By virtue of the provisions, the emphasis with respect to pleading is placed, where it should be, upon the primary function of pleadings,

namely, that of adequately advising the adverse party of the pleader's claim or defense. (See David D. Siegel, A Biannual Survey of New York Practice, 38 St. John's L. Rev., pp. 190, 199–200.) The "basic requirement * * * [now] is that the pleadings identify the transaction and indicate the theory of recovery with sufficient precision to enable the court to control the case and the opponent to prepare." (First Preliminary Report of Advisory Committee on Practice and Procedure [1957], p. 63.) So, generally speaking, "Pleadings should not be dismissed or ordered amended unless the allegations therein are not sufficiently particular to apprise the court and parties of the subject matter of the controversy." (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3013.03.)

The Civil Practice Law and Rules directive that a pleading shall contain statements sufficiently particular to give "notice" to the court and the parties replaced the provisions of former section 241 of the Civil Practice Act that every pleading should contain a statement of the "material facts * * * on which the party pleading relies". This shift in the statement of pleading requirements is not without significance. By the elimination of the provision that pleadings state "material facts" — a phrase that resulted in much needless motion practice under the Civil Practice Act — it was intended "that the considerable judicial effort formerly expended in distinguishing 'evidence' or 'conclusions' from 'facts' be directed to more useful purposes." (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3013.01.) But it is clear that, under the Civil Practice Law and Rules, the statements in pleadings are still required to be factual, that is, the essential facts required to give "notice" must be stated. (See Wachtel, New York Practice, p. 102.) Nevertheless, a party may supplement or round out his pleading by conclusory allegations or by "stating legal theories explicitly" if the facts upon which the pleader relies are also stated. (See Notes, First Preliminary Report of Advisory Committee on Practice and Procedure [1957], p. 63.)

In addition to the basic general requirements for pleading statements as set out in 3013 of the Civil Practice Law and Rules aforesaid, there are special provisions for particularity to be followed in pleading (a) conditions precedent, (b) corporate status, (c) judgment, decision or determination, and (d) special damages (CPLR 3015). There are also special provisions for the particularity required for statements in specific actions, to wit, (a) libel or slander, (b) fraud or mistake, (c) separation, (d) judgment, (e) law of foreign country

and (f) sale and delivery of goods or performing of labor or services. (CPLR 3016.) Of these special provisions, only subdivision (b) of 3016 is relevant on the question of the sufficiency of the complaint here. Therein, it is provided that in certain causes of action, including causes based upon fraud or breach of trust, '' the circumstances constituting the wrong shall be stated in detail.'' This follows a common-law and code requirement of long standing, and was included in the Civil Practice Law and Rules because it was thought that the provisions of 3013 of the Civil Practice Law and Rules might not sufficiently indicate the rule in this particular class of cases. (See First Preliminary Report of Advisory Committee on Practice and Procedure [1957], p. 68.) In any event, in view of the Civil Practice Law and Rules objective for greater liberality in pleading matters (see post) these special provisions should not be given the effect of requiring more now by way of detail and specificity in pleadings in these actions than was formerly required under the Civil Practice Act. Furthermore, bearing in mind that the sufficiency of a pleading statement primarily depends upon compliance with 3013's (CPLR) basic requirements, these special provisions in subdivision (b) of 3016 constitute no more than a directive that the '' transactions and occurrences '' constituting the '' wrong '' shall be pleaded in sufficient '' detail '' to give adequate notice thereof.

The basic pleading requirements hereinbefore referred to are supplemented also by 3014 setting forth guidelines in the matter of the form and arrangement of allegations, statements, causes of action and defenses. Therein, it is provided, *inter alia,* that every pleading shall '' consist of plain and concise statements in consecutively numbered paragraphs.'' This provision applies to all pleadings and was designed to eliminate '' loosely drawn, verbose, or poorly organized pleadings.'' (See 3 Weinstein-Korn-Miller, par. 3014.01.) Where a pleading lacks such compliance with the plain and concise statement requirement as to be '' so vague or ambiguous that a party cannot reasonably be required to frame a response he may move for a more definite statement.'' (CPLR 3024, subd. [a].)

Upon a 3211 (subd. [a], par. 7) motion to dismiss a cause of action, however, we look to the substance rather than to the form. Such a motion is solely directed to the inquiry of whether or not the pleading, considered as a whole, '' fails to state a cause of action ''. Looseness, verbosity and excursiveness, must be overlooked on such a motion if any cause of

action can be spelled out from the four corners of the pleading. (See Siegel, 38 St. John's L. Rev., p. 205.)[1]

It was well settled and still is, of course, the rule that a pleading will not be dismissed for insufficiency merely because it is inartistically drawn. Where a pleading is attacked for alleged inadequacy in its statements, our inquiry should be limited to "whether it states in some recognizable form any cause of action known to our law" (*Dulberg* v. *Mock*, 1 N Y 2d 54, 56). "However imperfectly, informally or even illogically the facts may be stated, a complaint, attacked for insufficiency, is deemed to allege 'whatever can be implied from its statements by fair and reasonable intendment' (*Kain* v. *Larkin*, 141 N. Y. 144, 151.) The question for us is whether the requisite allegations of any valid cause of action cognizable by the state courts 'can be fairly gathered from all the averments.'" (*Condon* v. *Associated Hosp. Serv.*, 287 N. Y. 411, 414.)

Finally, every pleading question should be approached in the light of the Civil Practice Law and Rules enactment that pleadings "shall be liberally construed. Defects shall be ignored if a substantial right of a party is not prejudiced."[2] (CPLR 3026.) The general provision for liberal construction was contained in the former Civil Practice Act but the last sentence quoted above was added new in the Civil Practice Law and Rules with the intent to put teeth in the mandate for liberal construction. Thereby, the burden is expressly placed upon one who attacks a pleading for deficiencies in its allegations to show that he is prejudiced. It was thus sought to

---

[1] Of course, the Civil Practice Law and Rules provisions were not intended to invite the use of poorly drawn pleadings. "There is a remedy available to the one pleaded against: he can move for a more definite statement under rule 3024(a). But that is a matter distinct from whether the pleading states a cause of action and that is the *sole* inquiry upon a motion under rule 3211(a) (7)."

"Under the CPLR, if a cause of action can be spelled out from the four corners of the pleading, a cause of action is stated and no motion lies under rule 3211 (a) (7). The pleading can be pathetically drawn; it can reek of miserable draftsmanship. That is not the inquiry on a motion under rule 3211 (a) (7). We want only to know whether it states a cause of action. If it does, a rule 3211 (a) (7) motion does not lie and the pleading is immune from it." (Siegel, 38 St. John's L. Rev., pp. 205, 206.)

[2] "This is a statement of a fundamental tenet of modern practice; the pleadings and other forms of procedures are only a means to the end of resolving the controversy between the parties. Even if a pleading be technically in violation of some rule of good pleading, what does it matter if substantial rights of other parties are in no way prejudiced." (Wachtel, New York Practice, p. 108.)

discourage time-consuming pleading attacks which were unlikely to result in a final disposition of the action on the merits[3] (see 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3026.02) and which would have a tendency to defeat the over-all objective of the Civil Practice Law and Rules " to secure the just, speedy and inexpensive determination of every civil judicial proceeding." (See CPLR 104.)

The proper promotion of the general Civil Practice Law and Rules objective requires more than mere token observance of or lip service to its mandate for liberal construction of pleadings. To achieve such objective, we must literally apply the mandate as directed and thus make the test of prejudice one of primary importance. Thereby, we would invariably disregard pleading irregularities, defects or omissions which are not such as to reasonably mislead one as to the identity of the transactions or occurrences sought to be litigated or as to the nature and elements of the alleged cause or defense. If the irregularity, defect or omission represents an inherent deficiency, known by the adverse party to bar the pleader's right to recover or defend on the merits, rather than a mere pleading error, then the adverse party would be better advised to proceed under 3211 or 3212 upon affidavits or other proofs to secure an immediate determination on the merits. This would generally result in " the just, speedy and inexpensive determination " of the action without the waste of time involved in the motion to dismiss for mere insufficiency in statement.

On basis of the foregoing, we have no difficulty in arriving at the conclusion that the first and second causes in the complaint are sufficiently stated. The first cause ", is sufficiently particular " as to facts and details to state a derivative cause of action to secure an injunction and an accounting with respect to acts and threatened acts of the defendants in breach of their fiduciary obligations as officers and directors of the family corporations.

" Directors and officers shall discharge the duties of their respective positions in good faith ". (Business Corporation Law, § 717.) They may not assume and engage in the promotion of personal interests which are incompatible with the superior interests of their corporation. (See 19 C. J. S., Corporations, § 761, and cases cited.) " Officers and directors of

---

[3] " A study prepared for the Advisory Committee of cases involving pleading issues over a five-year period amply demonstrates the futility of motion practice addressed to the formal sufficiency of the pleadings." (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3013.02.)

a corporation owe it to their undivided and unqualified loyalty. * * * They should never be permitted to profit personally at the expense of the corporation. Nor must they allow their private interests to conflict with the corporate interests. These are elementary rules of equity and business morality. Courts of equity must ever enforce strict compliance with these rules." (*Lyon* v. *Holton*, 167 Misc. 585, 587 (PECORA, J.); see, also, *Turner* v. *American Metal Co.*, 268 App. Div. 239, 273; *Evangelista* v. *Queens Structure Corp.*, 27 Misc 2d 962, 964.) In fact, " When it appears that the trustee or officer has violated the moral obligation to refrain from placing himself in relations which ordinarily produce a conflict between self-interest and integrity, there is in equity a presumption against the transaction, which he is required to explain." (*Sage* v. *Culver*, 147 N. Y. 241, 247.) So it follows that an officer or director who actively engages in a rival or competing business to the detriment of his corporation, must answer to the corporation for the injury it thereby sustains. (See 3 Fletcher, Cyclopedia of Corporations, § 856, p. 215 and cases cited; 19 C. J. S., Corporations, § 785 and cases cited; see, also, Lattin, Corporations, p. 254; Warner Fuller, Restrictions Imposed by the Directorship Status on the Personal Business Activities of Directors, 26 Wash. U. L. Q. 189, 207 [1941]; Note, Fiduciary Duty of Officers and Directors Not to Compete With the Corporation, 54 Harv. L. Rev. 1191 [1941].)

It is true that this complaint shows that the opportunity of taking over the proposed new supermarket enterprise was offered by the individual defendants to and rejected by the boards of directors of the family corporations. Even if we were to assume that the offer was made in good faith and gave the family corporations the free and unconditional right to take over the new venture on the same terms under which it was available to the individual defendants — which does not in fact appear from the complaint to be the case — nevertheless, the boards of directors were not bound to accept the offer. The rejection by the corporations of the opportunity of taking over the rival and competing business would not release the defendants, as long as they remained in office and were in the employment of the corporations, from their continuing and overriding obligation of loyalty and good faith to the corporations. (Cf. *Higgins* v. *Chenango Pottery Co.*, 279 F. 2d 46; *Lincoln Stores* v. *Grant*, 309 Mass. 417; *Loft, Inc.* v. *Guth*, 23 Del. Ch. 138; *Guth* v. *Loft, Inc.*, 23 Del. Ch. 255.) The rule is well stated in the Harvard Law Review (vol. 54, pp. 1191,

1199) where it is said that "the fact that the competing business undertaken presented itself in the form of a corporate opportunity which the corporation was financially unable or for other reasons unwilling to undertake should be no excuse for an officer undertaking it individually. Despite the corporation's inability or refusal to act it is entitled to the officer's undivided loyalty. If the two are competitive, the corporation, while not entitled to a general freedom from competition, is entitled to freedom from competition by those charged with the promotion of its interests."

It is true that the first cause, as pointed out by the defendants, does not show with specificity the manner and extent of the competition between the existing family corporations and the new "D'Agostino" supermarket company organized by the individual defendants, nor does it show exactly how and to what extent the family corporations have been or will be damaged by the acts of the individual defendants. But the statements in the pleading, viewed with reason and liberality, are "sufficiently particular" to give the defendants notice of the plaintiffs' claims in this connection and of the elements of plaintiffs' alleged cause of action; and furthermore, the defendants are and will not be prejudiced in any manner by the alleged deficiencies therein. Therefore, the pleading on this cause is immune from attack by motion under 3211 (subd. [a], par. 7) of the Civil Practice Law and Rules.

The second cause, also alleged in the right of the corporation, has been framed on the theory that the defendant directors, officers and employees are engaging and threaten to engage in unfair competition with the family corporations. The complaint alleges that the said defendants, through the new corporation, "have or are about to enter into direct competition with the family corporations and are about to siphon off and appropriate to themselves, the customers and potential customers of the family corporations * * * [that] Several of the food stores and supermarkets owned and operated by the family corporations are located within a few blocks of the new corporation's stores premises "; that said defendants are using the name "D'Agostino" in the new store "thereby implying that the store is owned by the family corporations and the D'Agostino family"; that they threaten to palm off the new supermarket store as one owned and operated by the family corporations; that they have caused or will cause employees of the family corporations to devote time to the operation of the new store and that the new store has "used or will use

the credit, funds, central purchasing and warehousing facilities of the family corporations ''.

Competing with one's employer represents a well-recognized instance of unlawful business injury. Where employees, during the period of their employment, and a corporation formed by them, engage in and carry out a conspiracy to compete with the employer in violation of the duties of loyalty owing by the employees, said conduct constitutes actionable unfair competition. (See *Jones Co.* v. *Burke,* 306 N. Y. 172; *Lamdin* v. *Broadway Surface Adv. Corp.,* 272 N. Y. 133; *Reis & Co.* v. *Volck,* 151 App. Div. 613; *Todd Protectograph Co.* v. *Hedman Mfg. Co.,* 254 F. 829.) Thus, the allegations of this second cause are '' sufficiently particular '' to give the defendants notice '' of the transactions, occurrences, or series of transactions or occurrences '' relied upon by plaintiffs as constituting the alleged unfair competition; and the allegations do set forth the '' material elements '' of such a cause of action. It is true, as pointed out by the defendants, that certain of the allegations are stated in the alternative and certain of them are conclusory in form, but where, as here, the pleading does state facts which are sufficient to give the defendants notice of the plaintiffs' claims, the pleading is not rendered insufficient by the presence of such allegations.

Finally, it is concluded that Special Term correctly dismissed the third cause of action for insufficiency.

The order, as appealed from, should be modified on the law to vacate the dismissal of the first and second causes of action and to deny the motion insofar as it seeks dismissal of the same. The provision in the order that the plaintiffs shall have leave to serve an amended complaint should be deleted, since it does not appear that the plaintiffs have good ground to support a cause of action on the theory of a joint venture, as attempted to be pleaded by plaintiffs' alleged third cause of action. (See CPLR 3211, subd. [e].) The order appealed from should be otherwise affirmed, without costs.

BREITEL, J. P., RABIN, STEVENS and STEUER, JJ., concur.

Order, entered on November 1, 1963, unanimously modified, on the law, without costs, to vacate the dismissal of the first and second causes of action and to deny the motion insofar as it seeks dismissal of the same. The provision in the order that the plaintiffs shall have leave to serve an amended complaint is deleted.