Shoreco International, Inc., as Successor by Merger of Shorewood Litho, Inc., et al., Plaintiffs, *v.* Ivy Hill Communications Corp., et al., Respondents; Transcontinental Automatic Machinery Limited, Appellant, et al., Defendants.

First Department, October 24, 1974.

*Jacob Freed Adelman* of counsel (*Salmon & Mainzer*, attorneys), for appellant.

*James M. Bergen* of counsel (*Marshall, Bratter, Greene, Allison & Tucker*, attorneys), for respondents.

STEUER, J. The defendant Ivy Hill Communications Corp. (Ivy Hill) bought a lithographic machine from the defendant Winkler & Duennebier (Winkler), a German manufacturer. The complaint alleges that the plaintiff Shoreco International, Inc. (Shoreco) designed the machine and that it had an agreement with Winkler that machines manufactured from this design would be sold only to the plaintiff. Shoreco instituted this action against Ivy Hill and Winkler and certain other defendants associated with them. Shoreco also sued Transcontinental Automatic Machinery Limited (Transcontinental), the sales agent for Winkler in the United States. Ivy Hill cross-claimed against Transcontinental. Transcontinental moved to dismiss the cross complaint, and it is from the denial of that motion that this appeal is taken.

In substance the cross complaint alleges Transcontinental's agency for Winkler. It then alleges that Transcontinental advised Ivy Hill that Winkler made machines and invited Ivy Hill to a trade show being conducted by Winkler in Duesseldorf, Germany; and that Ivy Hill attended the show and purchased two machines. The balance of the cross complaint sets out how Ivy Hill will be damaged in the event that Shoreco prevails against it.

The difficulty with the cross complaint is that it is nowhere alleged that Transcontinental did anything to bring about the sale of the machines that Ivy Hill bought other than to notify Ivy Hill that Winkler was a manufacturer of packaging machinery and would have machines on display at a trade show. There is no claim that all of Winkler's machines were subject to the restriction claimed by Shoreco, nor that Transcontinental had any knowledge that Ivy Hill was purchasing a machine so

restricted. The theory of the cross complaint must therefore be that Transcontinental was under a duty to advise any prospective purchaser of any Winkler machine that there were some Winkler models the sale of which was restricted. Such a duty might well arise if the agent engaged in the sale of a particular machine. He would then have the same duty as his principal. But here there is nothing alleged that shows that the sales agent participated in the sale of the machines or knew what machine the purchaser was buying. Short of that, no duty of advising the prospective purchaser can be said to exist.

It may be that these deficiencies can be supplied. For that reason the denial of the motion to dismiss the cross complaint should be reversed, on the law, with costs and disbursements, and the motion granted, with leave to serve an amended cross complaint if so advised.

CAPOZZOLI, J. (dissenting). In concluding that the cross claim of Ivy Hill is defective the majority says "the difficulty with the cross complaint is that it is nowhere alleged that Transcontinental did anything to bring about the sale of the machines that Ivy Hill bought   *   *   *. There is no claim that all of Winkler's machines were subject to the restriction claimed by Shoreco, nor that Transcontinental had any knowledge that Ivy Hill was purchasing a machine so restricted".

In the face of this language let us consider what the cross claim does in fact allege. It alleges that defendant, Transcontinental, was acting as agent on behalf of defendant, Winkler, for the purpose of selling record jacket manufacturing machinery manufactured by Winkler. Further, that Garlick and Gordon, on behalf of Ivy Hill, had conversations with the president of Transcontinental concerning the purchase by Ivy Hill of the above-mentioned machinery. Also it is alleged that Transcontiental had knowledge of certain agreements among Transcontinental, Winkler and plaintiffs which might restrict the ability to sell certain record jacket manufacturing machinery and that it failed to advise Ivy Hill of the existence of such restrictions. Following these conversations, in about April of 1973, Transcontinental invited Ivy Hill to attend a package and trade show in Duesseldorf, Germany, at which record jacket manufacturing machinery manufactured by Winkler would be displayed. Nothing was said concerning restrictions which might prevent the sale of such machinery to Ivy Hill. It is also alleged that Ivy Hill, through its agents, visited the trade show in Germany and purchased two Model No. 802.00 and two Model No. 802.05 machines from Winkler. The cross claim then goes on to call

attention to the allegations in the plaintiffs' verified complaint which set forth that Ivy Hill took advantage of a breach of the agreements among plaintiffs, Transcontinental and Winkler with respect to the manufacture and sale of the machines purchased by Ivy Hill and appropriated plaintiffs' trade secrets with respect to those machines. Then, in the cross claim, Ivy Hill goes on and alleges '' in the event that plaintiffs recover any judgment against Ivy Hill, Garlick or Gordon with respect to the claims set forth in the verified complaint, Ivy Hill, Garlick and Gordon are entitled to recover the amount of such judgment from the defendant, Transcontinental, their attorneys' fees and the costs and expenses incurred in defending said action, and any other damages suffered as a result thereof ''. Clearly, Transcontinental is charged with participating in the sale to Ivy Hill.

Attention is called to the allegation of the plaintiff, Shoreco, in paragraph 26 of its complaint, which charges that '' Berger and Winkler with the acquiescence and consent of Transcontinental, sold and delivered to Ivy Hill * * * three Model S 67 machines, or machines substantially identical to or the functional equivalent thereof,'' in violation of the existing agreements with plaintiffs.

Considering all of the foregoing, is there any doubt as to what the parties hereto understand the claim of Ivy Hill to be? The motion made below by Transcontinental was to dismiss the cross claim of Ivy Hill '' pursuant to CPLR 3211 (a) 7, on the ground that said cross-claim fails to state a cause of action against defendant, Transcontinental ''.

In *Foley* v. *D'Agostino* (21 A D 2d 60, 64-65) this court said:

'' Upon a 3211 (subd. [a], par. 7) motion to dismiss a cause of action, however, we look to the substance rather than to the form. Such a motion is solely directed to the inquiry of whether or not the pleading, considered as a whole, ' fails to state a cause of action '. Looseness, verbosity and excursiveness, must be overlooked on such a motion if any cause of action can be spelled out from the four corners of the pleading. * * *

'' Where a pleading is attacked for alleged inadequacy in its statements, our inquiry should be limited to ' whether it states in some recognizable form any cause of action known to our law ' * * * ' However imperfectly, informally or even illogically the facts may be stated, a complaint, attacked for insufficiency, is deemed to allege '' whatever can be implied from its statements by fair and reasonable intendment ''. (*Kain* v. *Larkin*, 141 N. Y. 144, 151.) * * * '

" Finally, every pleading question should be approached in the light of the Civil Practice Law and Rules enactment that pleadings 'shall be liberally construed. Defects shall be ignored *if a substantial right of a party is not prejudiced.'* (CPLR 3026.) * * * Thereby, the burden is expressly placed upon one who attacks a pleading for deficiencies in its allegations to show that he is prejudiced." (Emphasis added.)

In *Cohn* v. *Lionel Corp.* (21 N Y 2d 559, 562) the court said: " We are presently concerned solely with the legal sufficiency of plaintiff's complaint: Upon such an analysis, a pleading is deemed to allege whatever can be implied from its statements by fair intendment. * * * Indeed, the mandate of CPLR 3026 —pleadings shall be liberally construed—is particularly applicable here. For purposes of such a motion, the allegations are assumed to be true * * * and the entire complaint is to be considered * * *. The question then is whether there can be fairly gathered from all the averments the requisite allegations of a valid cause of action, cognizable by the courts of this State. * * * Since this determination is made on pleadings alone, whether or not plaintiff will be able to establish his allegations by competent evidence is not a pertinent consideration ".

It is important to note that, contrary to the claim of Transcontinental, Special Term considered this motion as a motion to dismiss, which it actually is, and not one for summary judgment. Hence, the factual allegations must be taken as true.

The order appealed from, denying the motion to dismiss, should be affirmed.

NUNEZ, J. P., and MURPHY, J., concur with STEUER, J.; CAPOZZOLI and TILZER, JJ., dissent in an opinion by CAPOZZOLI, J.

Order, Supreme Court, New York County, entered on June 17, 1974, reversed, on the law, and the motion granted, with leave to serve an amended cross complaint if so advised. Appellant shall recover of respondents $60 costs and disbursements of this appeal.