■ DONALD HAYNES, Appellant-Respondent, v CRC INFORMATION SYSTEMS, INC., Respondent-Appellant, et al., Defendants.—Order, Supreme Court, New York County, entered August 18, 1978, which granted plaintiff's motion to the extent of dismissing the first, second, and third counterclaims and denied that branch of the motion to dismiss the fourth counterclaim, unanimously modified, on the law, to the extent of reinstating the first counterclaim and otherwise affirmed, without costs or disbursements. Donald Haynes was a shareholder and director of CRC Information Systems, Inc. (CRC), which was organized to provide information services via data-processing systems. Haynes brought this lawsuit to recover his equity in the corporation, part of his salary, vacation benefits, and business expenses. The defendants interposed an answer as well as four affirmative defenses and four counterclaims. We are asked to review only Special Term's dismissal of the first counterclaim and that court's declining to dismiss the fourth counterclaim. The first counterclaim alleges that Haynes, while still employed by, and acting as an officer and director of, CRC, agreed to return to work for Datatab, Inc., a competitor. This, it is alleged, constituted a breach of his fiduciary duty, causing monetary damages to the defendant corporation. The fourth counterclaim alleges that Datatab is now developing an "on-line" data-processing system which CRC already has in operating order, and Haynes is assisting Datatab in developing this system. In the course of Haynes' work on this system, it is alleged that he is utilizing confidential knowledge and trade secrets gained while he was an officer, director and employee of CRC, thereby breaching his duty to CRC and causing irreparable damage. CRC in its fourth counterclaim sought injunctive relief against Haynes. We find that Special Term properly declined to dismiss the fourth counterclaim. It alleged with sufficient particularity the wrong committed by Haynes; namely, a breach of trust by divulging secrets regarding the "on-line" data-processing system. The particularity of allegation required by CPLR 3016 (subd [b]) has been met. Any further detail is peculiarly within

the knowledge of plaintiff, and failure to allege it should not result in the dismissal of what appears to be a valid counterclaim *(Lanzi v Brooks,* 43 NY2d 778, 780). We note, however, that the first counterclaim, though inartistically drawn, is sufficient in the context of the entire answer and counterclaims of defendants to withstand a motion to dismiss it for failure to state a cause of action. Merely going to work for a competitor (absent specific contractual restrictions) is not proscribed. However, when an employee who is also an officer and director violates his duty of loyalty by taking trade secrets and developing them for the benefit of a competitor, actionable unfair competition may be spelled out *(Foley v D'Agostino,* 21 AD2d 60, 69), to which the plaintiff may be answerable in monetary damages. Engrafting the allegations of the fourth counterclaim upon those of the first counterclaim results in a sufficiently stated first counterclaim. We have therefore modified the order of Special Term insofar as appealed from to the extent of reinstating the first counterclaim. Concur—Kupferman, J. P., Sullivan, Lane, Markewich and Lupiano, JJ.