■ HERMAN V. TRAUB, as Trustee of the A. D. GILHART & COMPANY PROFIT SHARING PLAN, et al., Respondents, v CHARLES F. BARBER et al., Appellants, et al., Defendants. — Order, Supreme Court, New York County (Shainswit, J.), entered July 16, 1981 denying defendants' motions to dismiss the complaints pursuant to CPLR 3211 (subd [a], par 7) for failure to state a cause of action, etc., is unanimously affirmed, with costs. Special Term explicitly stated that it was not treating these motions to dismiss as motions for summary judgments, and neither do we. We think enough is stated in the pleadings to meet the pleading standard set forth in CPLR 3013 and 3016. (*Foley v D'Agostino,* 21 AD2d 60.) With respect to defendant Bendix, we note the allegation that at the time of the transaction complained of Bendix owned 20.6% of the outstanding stock of Asarco and that no other stockholder had more than 5% of the outstanding shares; that Bendix' stock holding was a "controlling" interest in Asarco; and that because of this stock ownership, Bendix owed a fiduciary duty to Asarco and its shareholders, which allegedly had been breached by the transaction complained of. Whether in fact Bendix' relationship to Asarco gave rise to a fiduciary duty, and whether Bendix breached any fiduciary duty are matters which we do not think can be safely decided simply on a pleading

motion but require a further exploration of the facts, whether by way of summary judgment or trial. Once the complaint is sustained as a derivative complaint, we see no particular economy to anyone in considering whether the claim for representative relief, based upon the same facts, is sufficient. Concur — Murphy, P. J., Sullivan, Carro, Silverman and Fein, JJ.