■ Lee Weinstein, Respondent, v Christopher Corwin, Appellant, et al., Defendants. [657 NYS2d 679] —Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered on

or about June 20, 1996, which, insofar as appealed from as limited by appellant's brief, denied appellant's motion to dismiss the "Verified Counterclaim and Third-Party Complaint", unanimously affirmed, without costs.

It appears that plaintiff Weinstein, originally a defendant in this action, was initially represented by the attorneys for his insurance carrier who interposed an answer but no counterclaim on his behalf. Thereafter, he retained other counsel who interposed the instant "Verified Counterclaim and Third-Party Complaint." Thus, appellant's belated reliance upon CPLR 3011 is unpersuasive in light of his retention of and failure to object to this pleading until two years after it was served, which constituted a waiver as to defects in form, if any. Moreover, CPLR 3026 provides that "[p]leadings shall be liberally construed" and that "[d]efects shall be ignored if a substantial right of a party is not prejudiced." (*See, Foley v D'Agostino*, 21 AD2d 60, 65.) Here, the "Verified Counterclaim and Third-Party Complaint" provided appellant with sufficient notice of the elements underlying plaintiff's cause of action. Notably, appellant never asserted otherwise, nor did he assert that he was prejudiced by the form of the pleadings. Accordingly, denial of his motion was warranted. Concur—Rosenberger, J. P., Ellerin, Rubin, Tom and Andrias, JJ.