■ SHULAMIT MIZRAHI, Respondent, v LOUIS TAIC et al., Appellants, et al., Defendant. [698 NYS2d 635] —Order, Supreme Court, New York County (Franklin Weissberg, J.), entered October 20, 1998, which granted plaintiff's motion to vacate a judgment in favor of defendants and directed entry of a judgment in favor of plaintiff, without an award of damages but with costs and disbursements, unanimously reversed, on the law, without costs, to the extent of reinstating the original judgment and amending said judgment to recite that, upon the jury's finding that defendants violated plaintiff's human rights based upon her gender, that defendants have judgment against plaintiff based upon the jury's further finding that plaintiff sustained no damages, all without costs and disbursements.

In this action pursuant to Executive Law § 296 (1) (a), the jury returned a special verdict, finding that, based upon her gender, plaintiff had been subjected to unlawful treatment that affected a term, condition or privilege of her employment as the result of a hostile work environment. However, the jury also found that plaintiff had not proven her entitlement to recover compensatory damages for emotional injury. On April 23, 1998, defendants entered judgment in their favor. Plaintiff then brought a motion to vacate the judgment and enter a judgment in her favor and against defendants for costs and disbursements.

In her moving papers, plaintiff contends that the jury verdict establishes that "defendants violated plaintiff's rights but money damages were not awarded. The jury's decision not to award monetary damages in no way absolved the defendants of their transgressions and violations of New York law." She adds, "the jury found that the plaintiff proved each and every element necessary to establish that the defendants violated her human rights." Supreme Court agreed, stating, "The plaintiff is not entitled to any money damages but shall [receive] costs and disbursements as taxed by the Clerk."

The question is whether or not monetary damages, even nominal damages, are necessary to entry of judgment in a party's favor. This is a distinct question from whether or not that party has established the elements of a cause of action. Unlike contract law, where nominal damages are always available (*Kronos, Inc. v AVX Corp.*, 81 NY2d 90, 95; *see, Rodgers v Lenox Hill Hosp.*, 239 AD2d 140, 142-143 [Rubin, J., dissenting in

part]), actual damages are an essential aspect of a negligence claim under New York law (*IGEN, Inc. v White*, 250 AD2d 463, 465, *lv denied* 92 NY2d 818). With respect to claims based on discriminatory conduct in general, the Court of Appeals, in *Batavia Lodge No. 196 v New York State Div. of Human Rights* (35 NY2d 143, 147), has stated that "an aggrieved individual need not produce the quantum and quality of evidence to prove compensatory damages he would have had to produce under an analogous provision, and this is particularly so where, as here, the discriminatory act is intentionally committed." However, in regard to a claim specifically predicated on Executive Law § 296 (1) (a), the Court has held that recovery requires "affirmative proof of mental anguish or humiliation or other personal or monetary damage" (*Cullen v Nassau County Civ. Serv. Commn.*, 53 NY2d 492, 495). Thus, while the plaintiff's injury need not be monetary, some injury must be established to support recovery.

The operative question in this case is not whether monetary injury or any other type of injury is an element of plaintiff's cause of action. The issue is whether an award of monetary compensation is essential to the entry of judgment in plaintiff's favor. Any doubt that a monetary award is an essential element is dispelled by Executive Law § 297 (9), which provides that an aggrieved party may maintain an action "for damages and such other remedies as may be appropriate." Having received no award of monetary damages (and no other remedy), plaintiff is not entitled to judgment in her favor. Concur—Mazzarelli, J. P., Wallach, Rubin, Andrias and Saxe, JJ.