■ CAREY & ASSOCIATES LLC, Appellant, v 521 FIFTH AVENUE PARTNERS, LLC, et al., Defendants, and GREEN 521 FIFTH AVENUE LLC, Respondent. [33 NYS3d 246]—

Orders, Supreme Court, New York County (Anil C. Singh, J.), entered April 3, 2015, which granted defendant Green 521 Fifth Avenue LLC's motion for summary judgment dismissing the seventh cause of action as against it, and denied plaintiff's cross motion for summary judgment on that cause of action, unanimously modified, on the law, to grant plaintiff's cross motion to the extent it seeks the return of amounts overcharged for operating costs and real estate taxes, in the total amount of $3,488.84, and to deny defendant's motion to that extent, and otherwise affirmed, without costs.

On plaintiff's main claim, that defendant landlord improperly overcharged for electricity costs under the lease, the motion court correctly determined that section 3.1 (A) of the lease unambiguously provides that 50% of all electricity costs for the building should be included in the calculation of operating expenses payable as additional rent. Section 3.1 (A) creates two separate frameworks for calculating operating expenses— one to be employed if defendant furnishes electricity, and one to be employed "if [defendant] shall discontinue the redistribution or furnishing of the electrical energy to all tenants in the Building." However, whether or not defendant furnishes electricity, it is entitled to include 50% of building electricity costs in operating expenses.

In the event defendant furnishes electricity, section 3.1 (A) (xviii) provides for inclusion of 50% of building electricity costs as operating expenses. Contrary to defendant's assertion, section 3.1 (A) (iii) does not tack on an additional 100%. In the event defendant discontinues furnishing electricity, 100% of building electricity costs should be included in operating expenses pursuant to section 3.1 (A), but 50% of these expenses should then be deducted pursuant to section 3.1 (A) (14). Contrary to the parties' assertions, it is plain from the structure of the provision that section 3.1 (A) (14) applies only in the event defendant discontinues furnishing electricity. Because defendant billed, and plaintiff paid, 50% of building electric costs, plaintiff's claim of overbilling related to the electricity provisions of the lease was correctly dismissed.

As to plaintiff's secondary claims of overcharges, construed liberally, the complaint sufficiently pleads these claims; it requests an amount in damages that plainly includes these charges (CPLR 3026; *Foley v D'Agostino*, 21 AD2d 60, 65 [1st Dept 1964]). Plaintiff is entitled to summary judgment on these claims because it established prima facie that it was double-charged for 2008 real estate taxes and that defendant did not timely provide a required statement containing a computation of escalation rent due for 2004 operating expenses, and defendant submitted no evidence to raise an issue of fact as to those amounts. Concur—Mazzarelli, J.P., Acosta, Saxe, Kapnick and Kahn, JJ.