NINA E. FEINBERG et al., Infants, by H. ROBERT FEINBERG, Their Father, Respondents, v BACHE HALSEY STUART INC. et al., Appellants.

First Department, February 14, 1978

APPEARANCES OF COUNSEL

*Benedict Ginsberg* for appellants.

*Arnold C. Stream* of counsel *(Monasch Chazen Stream & Feinberg,* attorneys), for respondents.

**OPINION OF THE COURT**

LUPIANO, J.

This lawsuit is brought to test the legal propriety of the activities of the defendants in the management of a portfolio of securities which was held at the time by Barbara Feinberg

McNair, as custodian under the Uniform Gifts to Minors Act (EPTL 7-4.1 *et seq.)* for her two infant daughters. The natural father of the infants (former husband of the custodian) brings this action on their behalf against the individual defendants who are registered representatives of defendant Bache Halsey Stuart Inc. and against their employer.

At the outset, we note that there is a distinction between the guardian of an infant's property as envisaged by CPLR 1201 and a "custodian" under the New York Uniform Gifts to Minors Act. When a gift is made in accordance with the act, the minor obtains "indefeasibly vested legal title" to the gift. In the absence of specific language in the Uniform Gifts to Minors Act or the CPLR limiting to the infant's custodian the right to bring an action on behalf of an infant for rights arising under the act, such limitation is not warranted where the real party in interest is the infant. Parenthetically, it is noted that Barbara Feinberg McNair claims that she is no longer the custodian of the accounts in question. Further, while the custodian may be deemed a proper party, she is not a necessary party to this action. The choice of whom to sue rests with the plaintiff.

Examination of the complaint discloses that it is suffused with the implication that the transactions engaged in with respect to the portfolio of securities were authorized by the custodian on the advice, prompting and recommendation of the defendants. Defendants' motion to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 7) is limited on this record to the allegations of the complaint and defendants' reliance on EPTL 7-4.5. As we noted in *Foley v D'Agostino* (21 AD2d 60, 64-65): "Upon a 3211 (subd. [a], par. 7) motion to dismiss a cause of action * * * we look to the substance rather than to the form. Such a motion is solely directed to the inquiry of whether or not the pleading, considered as a whole, 'fails to state a cause of action'. Looseness, verbosity and excursiveness, must be overlooked on such a motion if any cause of action can be spelled out from the four corners of the pleading. (See Siegel, 38 St. John's L. Rev., p. 205.) It was well settled and still is, of course, the rule that a pleading will not be dismissed for insufficiency merely because it is inartistically drawn. Where a pleading is attacked for alleged inadequacy in its statements, our inquiry should be limited to 'whether it states in some recognizable form any cause of action known to our law' *(Dulberg v. Mock,* 1 N Y 2d 54, 56).

'However imperfectly, informally or even illogically the facts may be stated, a complaint, attacked for insufficiency, is deemed to allege *whatever can be implied from its statements by fair and reasonable intendment' (Kain v Larkin,* 141 N. Y. 144, 151.)'' Thus viewed, the complaint exhibits causes of action in that defendants or certain of them permitted the speculative stock transactions, aided in the transactions, violated New York Stock Exchange standards, performed negligent acts, failed in proper supervision and engaged in fraud. This action is concerned with the property rights of minors and the court is mindful of the overtones of public policy engendered by this fact.[1]

■ EPTL 7-4.5 states in pertinent part: "No * * * broker or other person or financial institution acting on the instructions of * * * any person purporting to act * * * in the capacity of a custodian is responsible for determining * * * whether any purchase, sale or transfer to or by * * * any person purporting to act in the capacity of custodian is in accordance with or authorized by this part, or is obliged to inquire into the validity or propriety under this part of any * * * instructions executed or given by a person purporting to act * * * in the capacity of a custodian". The policy of this section protects a broker in the broker's reliance on instructions received from a custodian. It clearly operates from that point in time when the broker receives such instructions. However, the statute may not be construed as serving to excuse a broker for the broker's prior negligent or fraudulent acts in derogation of the relationship between the customer and the broker. "The relation between a stockbroker and his customer is that of principal and agent and is fiduciary in nature" (6 NY Jur, Brokers, § 37). We make no observation as to the nature of the negligent or fraudulent acts which upon scrutiny would cast the broker in damages as we are mindful of the extraordinary burden which might be placed upon a broker or investment advisor in consequence thereof. It suffices, to note that EPTL 7-4.5 is not, under the pleadings as viewed herein, a defense warranting dismissal of the complaint.

As to the summary judgment aspect of defendants' motion, as noted above EPTL 7-4.5 is not to be construed as shielding

---

1. "It is the policy of the law to look after the interests of infants * * * From birth an infant is considered to be a ward of the state, the state standing in relation of *parens patriae* to infants and being vitally concerned with their welfare" (28 NY Jur, Infants, § 3).

a broker under all circumstances from maintaining a modicum of due care and vigilance in dispensing advice and urging transactions on the part of a customer under the Uniform Gifts to Minors Act.[2] Defendants claim that the custodian authorized all the transactions in the custodial account without solicitation or prompting on defendants' part and that on occasion these transactions were engaged in by the custodian despite defendants' advice to the contrary. It is intimated that the custodian was guided in some measure by her present husband in respect of these speculative stock transactions. The custodian denies these assertions, averring that she had no expertise in the selection of proper securities for her children, did not rely on her present husband for advice in these matters and authorized the transactions only upon the recommendations and advice of the defendants, relying on their professional expertise. Accordingly, factual issues are presented as to all causes of action alleged in the complaint except for the sixth cause of action.

■ The sixth cause of action is based on fraud and alleges that defendants fraudulently concealed a direct interest by defendant Bache Halsey Stuart Inc. in the shares of Levitz Furniture Corp., one of the securities purchased for the custodian accounts. It is alleged that Bache was under an engagement by a controlling shareholder of Levitz Furniture Corp. to participate in a distribution of a large number of Levitz shares and that "it was in the pecuniary interests of Bache to develop a buyers' market in said stock." Defendant Bache states that it has no direct interest in Levitz stock and was not distributing shares of Levitz owned by a substantial shareholder. Bache merely sold for a customer in its capacity as a broker only, and not as an underwriter, a large number of Levitz shares. It is asserted by Bache that it was in no manner attempting to develop a buyers' market for this stock. Plaintiffs do not dispute by affirmation or affidavit defendants' factual averments. The basic allegation forming the sixth cause of action is on information and belief and the complaint is not verified. In light of the record it must be concluded that plaintiffs have failed to factually support their fraud claim as to demonstrate that such claim is arguable. In consequence,

---

2. In analyzing the record, we are mindful that on a motion for summary judgment, "issue-finding, rather than issue-determination, is the key to the procedure" (Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404 [1957], citing Esteve v Avad, 271 App Div 725, 727).

defendants are entitled to summary judgment dismissing the sixth cause of action.

Accordingly, the order of the Supreme Court, New York County (HUGHES, J.), entered June 27, 1977, which denied defendants' motion for an order dismissing the complaint on the ground, *inter alia,* that the complaint fails to state a cause of action, or, in the alternative, for summary judgment, should be modified, on the law, to the extent of granting defendants summary judgment dismissing the sixth cause of action and, as so modified, should be affirmed, without costs and without disbursements.

MURPHY, P. J., LANE, MARKEWICH and SANDLER, JJ., concur.

Order, Supreme Court, New York County, entered on June 27, 1977, which denied defendants' motion for an order dismissing the complaint on the ground, *inter alia,* that the complaint fails to state a cause of action, or, in the alternative, for summary judgment, unanimously modified, on the law, to the extent of granting defendants summary judgment dismissing the sixth cause of action and, as so modified, affirmed, without costs and without disbursements.