■ STENDIG, INC., Appellant, v THOM ROCK REALTY COMPANY et al., Respondents.—Order of the Supreme Court, New York County (Shirley Fingerhood, J.), entered January 27, 1989, which granted defendants' motion to dismiss the amended complaint for failure to state a cause of action (CPLR 3211 [a] [7]), unanimously modified, on the law, to the extent of reinstating plaintiff's first cause of action for breach of contract as against defendants Thom Rock Realty Company, Skillrock Realty Company and Harvey Schulweis and, except as so modified, affirmed, without costs.

Plaintiff brought this action seeking to recover damages for breach of a lease agreement, fraudulent misrepresentation and interference with contractual relations against the landlord, Thom Rock Realty Company, its leasing agent, The International Design Center, Inc. (IDC), its general partners, Skillrock Realty Company and Harvey Schulweis, Lazard Development Company which oversees construction at the premises and Lazard's sole shareholder, Lazard Realty Inc. The first cause of action was dismissed as to IDC and Lazard Development Company on a prior motion. The order appealed from dismissed the balance of the amended complaint.

Irrespective of the various theories advanced in the complaint, this is a straightforward action for breach of contract which concerns the landlord's right to enforce a condition set forth within the lease agreement. A contract action cannot be transformed into something more merely by employing the

language of tort *(SSDW Co. v Feldman-Misthopoulos Assocs.,* 151 AD2d 293, 295), and an assessment of the merits of the action is not furthered by the introduction of extraneous theories and unnecessary defendants.

The lease at issue, dated March 2, 1984, is for showroom space at the International Design Center, located in Long Island City, Queens County, and is for a term commencing nominally on July 1, 1985 and ending on June 30, 2010. However, the commencement date is conditioned upon the substantial completion of certain construction by the landlord, and there does not appear to be any dispute that, at all times relevant to this proceeding, this condition had not been fulfilled. Also contained in the lease is a termination clause, designated as article 51, which provides that, at any time after December 31, 1984 until such time as the landlord shall give the tenant notice that leases for an aggregate of at least 250,000 square feet of space have been signed, either party may elect to terminate the lease, rendering all terms and conditions thereof null and void.

Plaintiff avers that, due to concerns regarding projected construction costs, it advised the landlord in a letter dated May 2, 1985 that it would be compelled to withdraw from the lease unless these concerns were adequately addressed. Shortly thereafter, plaintiff began negotiating for other showroom space on 58th Street in Manhattan. The landlord learned of these negotiations, and a meeting was held on or about July 2, 1985 at which, plaintiff alleges, Harvey Schulweis made certain misrepresentations regarding modifications to the lease agreement which were intended to, and did in fact, cause plaintiff to break off its negotiations for the other showroom space. Thereafter, on September 11, 1985, Thom Rock Realty elected to terminate the lease pursuant to the minimum leasing provision of article 51.

Plaintiff alleges that, due to its reliance on the promises made by Schulweis and the detriment incurred by its abandonment of negotiations for another lease, the exercise of the termination provision by the landlord constitutes a breach of contract. Plaintiff further alleges that the representations made by Schulweis were fraudulent. On this appeal, plaintiff does not, however, pursue its claim that defendants' conduct constitutes an intentional interference with contractual relations and, indeed, it is apparent that no contract, the existence of which is essential to maintenance of that cause of action, was ever consummated for other showroom space *(see, Israel v Wood Dolson Co.,* 1 NY2d 116, 120).

Supreme Court dismissed the first cause of action for breach of contract relying on *VTR, Inc. v Goodyear Tire & Rubber Co.* (303 F Supp 773, 778) which states: "As to acts and conduct authorized by the express provisions of the contract, no covenant of good faith and fair dealing can be implied which forbids such act and conduct. And if defendants were given the right to do what they did by the express provisions of the contract there can be no breach." Unfortunately, the cited passage is not a correct statement of the law as it applies to the facts of this case.

The test on a motion to dismiss for insufficiency of the pleadings is not whether the plaintiff has artfully drafted the complaint but whether, deeming the complaint to allege whatever can be reasonably implied from its statements, a cause of action can be sustained *(Feinberg v Bache Halsey Stuart,* 61 AD2d 135, 137-138; *Edwards v Codd,* 59 AD2d 148, 149). It is clear that defendants' motion to dismiss is predicated on the contractual right to impose, as a prerequisite to the landlord's performance of its obligations under the lease, the condition that 250,000 square feet of space shall have been rented (3A Corbin, Contracts § 686).

The complaint can be construed to allege two theories under which the landlord should be estopped to enforce this condition. First, the complaint asserts that the express language of the condition gives rise to the implied language of promise *(Mascioni v I. B. Miller, Inc.,* 261 NY 1; Calamari and Perillo, Contracts § 144; 5 Williston, Contracts § 665). Under this venerable principle of our law, the landlord, by conditioning the lease on the renting of 250,000 square feet of space, implicitly promised to use his good-faith best efforts to bring about this result *(Wood v Duff-Gordon,* 222 NY 88; *Scientific Mgt. Inst. v Mirrer,* 27 AD2d 845; *Kelsey v Distler,* 141 App Div 78; *but see, Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 113). Significantly, the complaint alleges that the event contemplated by the condition was entirely within the control of the landlord, the party alleged to be bound by the implied promise (Calamari and Perillo, Contracts § 144).

Second, the statements in support of plaintiff's cause of action claiming fraud, when read in the context of a contract theory, assert that plaintiff was induced to break off negotiations for other showroom space in reliance on promises made to it by Harvey Schulweis. Implicit in his alleged promise to modify the lease so as to permit plaintiff to assume occupancy shortly thereafter is a waiver by the parties of the minimum

leasing provision of article 51. While the landlord's implicit waiver is otherwise unenforceable because unsupported by consideration, plaintiff's detrimental reliance on the promises made to it by Schulweis gives rise to an estoppel *(Rose v Spa Realty Assocs.,* 42 NY2d 338, 344; Calamari and Perillo, Contracts § 168; 5 Williston, Contracts § 692). Moreover, the inclusion of a general merger clause does not preclude an oral modification of the agreement *(Rose v Spa Realty Assocs., supra,* at 343; *Marine Midland Bank v Midstate Lbr. Co.,* 79 AD2d 783, 784; 3A Corbin, Contracts § 763). Therefore, the complaint sets forth two grounds which, upon competent proof, might preclude the landlord from invoking the minimum leasing condition to avoid operation of the lease and, thus, plaintiff's claim for damages for breach.

As to the remainder of the complaint, it is self-evident that Thom Rock Realty Company, together with its partners Skillrock Realty Company and Harvey Schulweis, who are named defendants in this action, are the only defendants in privity with plaintiff and, therefore, the only parties liable for breach of the agreement. Because the acts claimed to constitute fraud are essentially a restatement of those claimed to comprise the breach, no independent claim for fraud is stated *(Chase v United Hosp.,* 60 AD2d 558; *Wegman v Dairylea Coop.,* 50 AD2d 108, 112-113). Concur—Ross, J. P., Asch, Kassal, Wallach and Rubin, JJ.