■ PROFORMA PARTNERS, L.P., Appellant, v SKADDEN ARPS SLATE MEAGHER & FLOM, L. L. P., Respondent. PROFORMA PARTNERS, L.P., Appellant, v FIRST TRUST, N.A., Respondent, et al., Defendants. [720 NYS2d 139] —Order, Supreme Court, New York County (Herman Cahn, J.), entered October 18, 1999, which granted defendants' motions for summary judgment dismissing plaintiff's complaints in the above-captioned actions as time-barred, and judgment, same court and Justice, entered October 27, 1999, which dismissed the complaint against defendant Skadden Arps Slate Meagher & Flom, L. L. P., unanimously affirmed, with one bill of costs.

When a nonresident sues in New York's courts on a cause of action accruing outside New York, CPLR 202, the so-called "borrowing statute," requires that the cause of action be timely under the limitation periods of both New York and the jurisdiction where the claim arose (*see, Global Fin. Corp. v Triarc Corp.*, 93 NY2d 525, 528). Generally, "a cause of action [sounding in tort] accrues at the time and in the place of the injury," and "[w]hen an alleged injury is purely economic, the place of injury usually is where the plaintiff resides and sustains the economic impact of the loss" (*Global Fin. Corp. v Triarc Corp., supra,* at 529), and a partnership's legal residence is where it maintains its principal place of business (*see, Ackerman v Price Waterhouse*, 252 AD2d 179, 192, n 5).

Applying the foregoing principles, it is clear that, for

purposes of CPLR 202, plaintiff's claims accrued in California, where its principal place of business was located and the complained of economic injury was sustained, in 1991, and, pursuant to the applicable California Statute of Limitations, became time-barred three years later, in 1994. Thus, these actions, commenced in 1997, were plainly time-barred. We note that, since it is not the place of residence of the owners of plaintiff that is pertinent but the location of the business itself and the site of the harm suffered, both of which were clearly situated in California, it is entirely immaterial whether, in 1991, plaintiff's principal lived in Paris and/or whether one of its other purported owners was headquartered in the Channel Islands.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Rosenberger, J. P., Mazzarelli, Wallach, Saxe and Buckley, JJ.