■ JEANINE PEPLER, Appellant, v SHAWN COYNE, Respondent, et al., Defendants. [822 NYS2d 516]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered January 19, 2006, which, to the extent appealed from as limited by the briefs, granted the motion of defendant Shawn Coyne to dismiss the third cause of action as against him, unanimously reversed, on the law, without costs, the motion denied, and the third cause of action reinstated as against said defendant.

In this action alleging, inter alia, violation of the New York State Human Rights Law (Executive Law § 296), plaintiff alleges that she was terminated from her position as director of publicity for defendant Rugged Land, LLC, a publishing company, because she was diagnosed with thyroid cancer and underwent an emergency thyroidectomy in mid-December 2004, resulting in the paralysis of her left vocal chord. The complaint maintains that defendants Shawn Coyne and Webster Stone, managing members of Rugged Land, who hired plaintiff on behalf of the company, fired her because of her impaired speech despite her "exemplary" job performance and the award, in December 2004, of the highest bonus ever paid by the company.

While recovering from surgery, plaintiff performed her job duties from home. Upon her return to the office in mid-January, she attended a meeting with Stone and one of the company's authors, during which Stone appeared to be "horrified" at plaintiff's "raspy" voice. Several days later, she was informed by Stone that he and Coyne had "made up their minds" that she should be terminated because they perceived her to be "unhappy" with her job.

This action ensued, and defendants interposed a preanswer motion to dismiss the complaint (CPLR 3211 [a] [7]). Supreme Court granted the motion, as pertinent herein, to the extent of dismissing the third cause of action asserted against Coyne "because there is no allegation in the Complaint that he actually participated in plaintiff's termination or any act of discrimination against her."

"The test on a motion to dismiss for insufficiency of the pleadings is not whether the plaintiff has artfully drafted the complaint but whether, deeming the complaint to allege whatever can be reasonably implied from its statements, a cause of action can be sustained" (*Stendig, Inc. v Thom Rock Realty Co.*, 163 AD2d 46, 48 [1990]; *see Feinberg v Bache Halsey Stuart*, 61 AD2d 135, 137-138 [1978]; *Edwards v Codd*, 59 AD2d 148, 149-150 [1977]). The Human Rights Law forbids "an employer" from terminating an employee because of a disability (Executive Law § 296 [1] [a]). The complaint adequately states a claim against Coyne as a person having "any ownership interest or power to do more than carry out personnel decisions made by others" so as to be considered an "employer" (*Patrowich v Chemical Bank*, 63 NY2d 541, 543-544 [1984]). The complaint portrays Coyne as a cofounder and managing member of the company (*see Gallegos v Elite Model Mgt. Corp.*, 28 AD3d 50, 60 [2005]), who had the power to hire and fire plaintiff (*see Ross v Mitsui Fudosan, Inc.*, 2 F Supp 2d 522, 529 [SD NY 1998]), bringing him within the ambit of "an employer" for purposes of liability (Executive Law § 296 [1] [a]).

Coyne's contention that he is personally exempt from liability by virtue of Limited Liability Company Law § 609 (a) is without merit. The general statutory exemption from personal responsibility for an organization's debts, obligations and liabilities does not extend to violations of Executive Law § 296 (1) (a) by a person with an ownership interest in, or the power to make personnel decisions for, the organization (*cf. Patrowich*, 63 NY2d at 542). Thus, Coyne is amenable to liability upon proof that he became a party to Stone's discriminatory termination of plaintiff " 'by encouraging, condoning, or approving it' " (*Matter of State Div. of Human Rights v St. Elizabeth's Hosp.*, 66 NY2d 684, 687 [1985], quoting *Matter of Totem Taxi v New York State Human Rights Appeal Bd.*, 65 NY2d 300, 305 [1985]). Concur—Tom, J.P., Friedman, Sullivan, Catterson and Malone, JJ. [*See* 12 Misc 3d 1187(A), 2006 NY Slip Op 51482(U) (2006).]