## BLS Holdco, LLC v Kushner Cos., LLC

2024 NY Slip Op 30382(U)

February 1, 2024

Supreme Court, New York County

Docket Number: Index No. 652944/2023

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. LYLE E. FRANK**      PART      **11M**

*Justice*

-----------------------------------------------------------------------------X

BLS HOLDCO, LLC,

                       Plaintiff,

                  - v -

KUSHNER COMPANIES, LLC, LAURENT MORALI

                     Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 652944/2023 |
| MOTION DATE | 10/06/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21

were read on this motion to/for               DISMISS            .

Background

This action arises out of a dispute involving a 2014 real estate investment transaction. Plaintiff BLS HOLDCO, LLC ("Plaintiff") is a Delaware limited liability company, and a member of nonparty BLS ASSOCIATES LLC, also a Delaware limited liability company. Defendant Kushner ("Defendant Kushner") is a real estate investment firm, incorporated in Delaware, with its principal place of business at 767 Fifth Avenue New York, NY. Defendant Laurent Morali ("Defendant Morali") is an individual and senior management of Kushner.

Plaintiff alleges that in October 2013, the parties began discussions about a potential joint venture acquisition of a group of residential properties owned by Brooklyn Law School. Three of the properties, 27 Monroe Place, 38 Monroe Place and 100 Pierrepont Street were vacant townhouses that were to be converted into single-family townhouses and then sold. The three remaining properties were multifamily buildings located at 89 Hicks Street, 18 Sidney Place and

652944/2023 BLS HOLDCO, LLC vs. KUSHNER COMPANIES, LLC ET AL
Motion No. 001

Page 1 of 13

144 Willow Street which were to be renovated and then rented at market rates. Plaintiff alleges on around March 2014, Defendants sent a final business plan to potential investors, including Plaintiff, seeking their investment in the acquisition of the six properties. To facilitate the joint venture, the parties created BLS Associates LLC, whose members include Plaintiff, a Delaware LLC, and nonparty K-BLS Portfolio, a Delaware LLC. The operating agreement defines K-BLS Portfolio as a subsidiary of Kushner. To fund the acquisition of these properties and the costs of initial renovations, BLS Associates obtained a $36.5 million credit facility. In addition, BLS Associates' members invested approximately $12.6 million in equity, with approximately $9.3 million or 73%, of the investment from Plaintiff.

The first of the three Townhouses was sold in May 2017 for $12.9 million and the other two Townhouses sold in 2021 for $7.65 million and $6.425 million, respectively. Plaintiff alleges that in 2016, prior to the sale of the first townhouse major problems had arisen one of the townhouses due to poor workmanship by the general contractor and poor oversight by Defendant. Plaintiff contends that Defendant then informed Plaintiff there was a need to secure extra funds to fix the problems. Plaintiff further alleges that despite attempts to obtain information from Defendant, Defendant failed to provide correct information to Plaintiff and made false assertions regarding Plaintiff's investment. Plaintiff alleges Defendant Kushner added an additional $3.2 million dollar debt into the deal without plaintiff's knowledge or consent. Plaintiff further alleges that Defendant Kushner failed to account for a loan repayment when reporting on its loan for the Townhouse renovations which caused Defendant to receive overpayments in excess of $650,000.

Plaintiff further alleges that Defendant Kushner expressly represented to Plaintiff that only seven of the 77 units in the Multifamily Properties were rent stabilized but that the

652944/2023   BLS HOLDCO, LLC vs. KUSHNER COMPANIES, LLC ET AL                      Page 2 of 13
Motion No.  001

2 of 13

remaining 70 units could be rented at market rates. Plaintiff alleges it was only several years later, after it had already invested in the project, that it found out all the 77 units were subject to rent-stabilization. In August 2017, the tenants of one of the multifamily homes filed a putative class action alleging that Defendant improperly deregulated their units in violation of rent stabilization laws. Plaintiff alleges that it found out about the lawsuit not through defendant but through the media, and when it confronted Defendants, they claimed the lawsuit was frivolous. On April 19, 2022, Plaintiff alleges a representative of Defendant Kushner forwarded an internal email to plaintiff which stated that Kushner had not followed necessary procedures to register the units upon acquisition of the Multifamily Properties.

Plaintiff alleges that as a result of Defendant's conduct, the parties' joint venture was a failure, causing Plaintiff to suffer significant economic loss. Thus, plaintiff commenced this suit against Defendants asserting claims for breach of fiduciary duty, unjust enrichment, accounting, and aiding and abetting breach of fiduciary duty against Defendant Morali. Defendants now move to dismiss plaintiff's complaint on the basis that Plaintiff's claims are time barred pursuant to Delaware's applicable statute of limitations and further as Plaintiff has failed to plead each cause of action.

Standard of Review

Plaintiff moves to dismiss the complaint pursuant to both CPLR 3211(a)(5) and (a)(7). It is well-settled that on a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), the pleading is to be liberally construed, accepting all the facts as alleged in the pleading to be true and giving the plaintiff the benefit of every possible inference. (See *Avgush v Town of Yorktown*, 303 AD2d 340, 755 N.Y.S.2d 647 [2d Dept 2003]; *Bernberg v Health Mgmt.*

652944/2023 BLS HOLDCO, LLC vs. KUSHNER COMPANIES, LLC ET AL
Motion No. 001

Page 3 of 13

3 of 13

*Sys.*, 303 AD.2d 348, 756 N.Y.S.2d 96 [2d Dept 2003]). "The test on a motion to dismiss for insufficiency of the pleadings is not whether the plaintiff has artfully drafted the complaint but whether, deeming the complaint to allege whatever can be reasonably implied from its statements, a cause of action can be sustained." (*Pepler v Coyne*, 33 AD3d 434, 435, 822 N.Y.S.2d 516 [1st Dept 2006], citing *Stendig, Inc. v Thom Rock Realty Co.*, 163 AD2d 46, 48, 558 N.Y.S.2d 917 [1st Dept 1990]).

Discussion

## I.      Statute of Limitations

Primarily, Defendants contend Plaintiff's claims are untimely pursuant to CPLR 202, New York's "borrowing statute." Defendants argue under CPLR 202, plaintiff's claims are subject Delaware's relevant statute of limitations as Plaintiff is a non-resident incorporated in Delaware. In opposition, Plaintiff contends it was New York resident at the time its claims accrued, and therefore pursuant to CPLR 202, New York's relevant statute of limitations must govern.

Under CPLR 202, when a nonresident sues on a cause of action accruing outside New York, the cause of action must be timely under both New York's applicable statute of limitation and that of the jurisdiction where the cause of action accrued. (*Glob. Fin. Corp. v. Triarc Corp.*, 93 N.Y.2d 525, 715 N.E.2d 482 [1999]). When another state's statute of limitations is "borrowed" pursuant to CPLR 202, the Court must enforce the shorter period of the two. (*Freedom Tr. 2011-2 v. HSBC Bank USA, N.A.*, 214 A.D.3d 404, 184 N.Y.S.3d 340 [1st Dept 2023]). When an alleged injury is purely economic, the place of injury usually is where the plaintiff resides and sustains the economic impact of the loss and a partnership's legal residence

652944/2023  BLS HOLDCO, LLC vs. KUSHNER COMPANIES, LLC ET AL          Page 4 of 13
Motion No.  001

4 of 13

is where it maintains its principal place of business. (See *Proforma Partners, LP v. Skadden Arps Slate Meagher & Flom, LLP*, 280 A.D.2d 303, 720 N.Y.S.2d 139 [1st Dept 2001]). Thus, whether the Court will apply the applicable Delaware or New York statute of limitations, hinges on whether as a matter of law, Plaintiff is deemed a resident of New York. The burden of proving residency is upon the party seeking to take advantage of the New York statute." (*Interventure 77 Hudson LLC v. Falcon Real Est. Inv. Co.*, 172 A.D.3d 481, 482 [1st Dep't 2019]).

New York Courts have repeatedly held that for purposes of CPLR 202, a Plaintiff is a "resident" of, and its cause of action accrues in the state of its incorporation. (*Verizon Directories Corp. v. Continuum Health Partners, Inc.,* 74 A.D.3d 416, 902 N.Y.S.2d 343 [1st Dept 2010]; *Interventure 77 Hudson LLC v. Falcon Real Est. Inv. Co.*, 172 A.D.3d 481, 482 [1st Dep't 2019]). In *Global Fin. Corp*, the Court of Appeals rejected a plaintiff's argument that it should apply the New York Statute of Limitations applies because its claims accrued in New York, where the contract was negotiated, executed, substantially performed, and breached. (*Glob. Fin. Corp. v. Triarc Corp.,* 93 N.Y.2d 525, 715 N.E.2d 482 [1999]).

Here, Plaintiff contends it is a resident of New York State or at the very least there is a question of fact as to Plaintiff's residency, rendering dismissal inappropriate. Plaintiff reasons it is a resident of New York because the economic injury it alleges it suffered is related entirely to its investment in, and losses on, properties located in New York and Defendant's actions which occurred in New York. The Court disagrees.

While on a motion to dismiss the Court will afford Plaintiff all favorable inferences, here Plaintiff has made no indication that its principal place of business is located in New York. The cases Plaintiffs point to do not demonstrate otherwise. In *Oxbow*, the First Department found that

652944/2023   BLS HOLDCO, LLC vs. KUSHNER COMPANIES, LLC ET AL
Motion No.  001
Page 5 of 13

5 of 13

plaintiff's primary residence was a factual issue that could not be determined on a motion to dismiss. (*Oxbow Calcining USA Inc. v. Am. Indus. Partners*, 96 A.D.3d 646, 948 N.Y.S.2d 24 [1st Dep't 2012]). However, there, plaintiff alleged that while its offices were currently in Florida, at the time the cause of action accrued its principal place of business was located at an office building in Manhattan. Here, there is so such issue of fact. Moreover, in *Verizon*, the First Department rejecedt plaintiff's contention that, for purposes of the statute, it is a "resident" of New York, or that its cause of action accrued in this state, by virtue of its authorization to do business and asserted extensive presence here. *(Verizon,* A.D.3d). Here, plaintiff similarly conflates business activities with an established New York principal place of business. Therefore, the Court finds that pursuant to CPLR 202, as Plaintiff is a non-resident incorporated in Delaware, the Court will apply Delaware's applicable statute of limitations.

## II. First Cause of Action for Breach of Fiduciary Duty

Defendant argues that as Plaintiff's allegations stem from Defendant's alleged conduct in 2013 and 2014 when the parties entered into the venture and Plaintiff's lawsuit was filed in August 2023, the claims are clearly time barred pursuant to Delaware's three-year statute of limitations. Plaintiff argues that although Defendant's initial misconduct began in 2013 and 2014, due to Defendant's fraud, Plaintiff was not aware of the misconduct until later, tolling the statute of limitations until that time.

Under Delaware law, the statute of limitations for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and unjust enrichment is three years. 10 Del. C. § 8106. Under Delaware law, the cause of action accrues "at the moment of the alleged harmful act." (*Am. Int'l Grp., Inc. v. Greenberg*, 965 A.2d 763, 811-12 [Del. Ch. 2009]; *Jepsco, Ltd. v. B.F. Rich Co.*, No. CIV.A. 7343-VCP, 2013 WL 593664 [Del. Ch. Feb. 14, 2013]). This is true even if the

652944/2023   BLS HOLDCO, LLC vs. KUSHNER COMPANIES, LLC ET AL          Page 6 of 13
Motion No.  001

6 of 13

plaintiff is unaware of the cause of action or the harm. (See *In re Tyson Foods, Inc. Consol. S'holder Litig.*, 919 A.2d 563, 584 [Del. Ch. 2007]; *Isaacson, Stolper & Co. v. Artisans' Sav. Bank*, 330 A.2d 130 [Del. 1974]). However, under the doctrine of fraudulent concealment, the statute of limitations may be tolled if there was an affirmative act of concealment or some misrepresentation that was intended to 'put a plaintiff off the trial of inquiry' until such time as the plaintiff is put on inquiry notice. *(In re Nine Sys. Corp. S'holders Litig.,* No. CV 3940-VCN, 2013 WL 4013306 [Del. Ch. July 31, 2013]). The statute of limitations begins to run when plaintiffs should have discovered the general fraudulent scheme but is tolled until such time that persons of ordinary intelligence and prudence would have facts sufficient to put them on inquiry which, if pursued, would lead to the discovery of the injury. *Id.*

Here, Plaintiff argues that although the fraudulent representations were initially made in 2014, 2016 and 2019, Plaintiff could not have discovered them until April 2022, due to the defendant's fraudulent concealment. Plaintiff alleges that as late as 2018 Defendants were making false claims as to when they learned about the rent stabilization laws went into effect and their impact on the investment. Therefore, the Court finds with respect to plaintiff's claims stemming from allegations that defendant breached its fiduciary duty in mispresenting the rent stabilization subject, Defendant has failed to establish that Plaintiffs' claims are time barred as a matter of law. Plaintiff alleges defendant fraudulently concealed such conduct until April 2022 when plaintiff was forwarded an email by defendant which stated that Kushner had not followed necessary procedures to register the units upon acquisition of the Multifamily Properties. Although Plaintiff concedes it learned about the 2017 lawsuit through the media, it alleges that defendant consistently referred to the lawsuits by using terms such as "run-of-the-mill," "punitive," and "politically motivated," and claims Mr. Morali personally provided assurances

652944/2023   BLS HOLDCO, LLC vs. KUSHNER COMPANIES, LLC ET AL                 Page 7 of 13
Motion No.  001

7 of 13

upon which Plaintiff relied on. Providing Plaintiff with all favorable inferences, this fraudulent concealment would toll the statute of limitations until April 2022

However, with respect to Plaintiff's allegations surrounding the townhouses, the Court finds Plaintiff's claims are time barred. First, Plaintiff alleges the 27 Monroe Townhouse was sold for significantly less than it was supposed to, however this sale occurred in 2017. Plaintiff has not made a sufficient allegation that this was fraudulently concealed, and as such to the extent that Plaintiff's claim is based on this sale, it is time barred. Next, plaintiff's allegations that during the time of these renovations in there was mismanagement of the renovation process, is again outside of the three-year statute of limitations and thus time barred. However, Plaintiff has alleged that Defendant concealed its repayment of a loan to itself, and Plaintiff did not become aware of this until 2021 as it was in Defendant's control. Therefore, this claim is sustained at this stage in the litigation.

Next, Defendant argues that regardless of the statute of limitations, Plaintiff's claim for fiduciary duty must be dismissed on the basis that Defendant owed no duty to Plaintiff. Defendant argues that the manager of BLS Associates is nonparty BLS Manager, and that is who owed plaintiff a fiduciary duty, not Defendant. In opposition, Plaintiff argues Defendant owed Plaintiff a fiduciary duty not as the named manager, but by way of its control over BLS Associates. Defendant further argues Plaintiff is attempting to improperly pierce the corporate veil.

While Defendant is correct that under Delaware law only managing members or controllers owe fiduciary duties by default in LLCs, Defendant incorrectly reasons this conclusively proves Defendant owed Plaintiff no duty. *(Beach to Bay Real Est. Ctr. LLC v. Beach to Bay Realtors Inc.*, No. CV 10007-VCG, 2017 WL 2928033 [Del. Ch. July 10, 2017]).

652944/2023   BLS HOLDCO, LLC vs. KUSHNER COMPANIES, LLC ET AL          Page 8 of 13
Motion No.  001

8 of 13

Here, plaintiff has alleged adequate facts to demonstrate that while Defendant was not the manager, Defendant exercised extensive control over the LLC.

Moreover, the cases Defendant points to are each distinguishable from the case at bar. In *Beach*, the Court found the plaintiff had failed to adequately plead breach of contract against the defendants as plaintiff merely alleged "defendant was a managing member and thus owed plaintiff a fiduciary duty." (*Beach* 2017 WL 2928033). Here, Plaintiff has made a number of specific allegations regarding the Defendants control and power over BLS Associates, including that Defendant Kushner was in sole control of numerous loan and purchase/sale transactions and other business activities, and exercised control over BLS Associates' assets and members' capital accounts. In addition, Plaintiff has alleged Defendant Kushner consistently held itself out as the entity with control and management responsibilities, sent correspondence to investors on their individual letterhead, signed agreements on behalf of borrower LLCs and appeared to expressly acknowledge the existence of a fiduciary relationship between Kushner and investors in the managed properties.

Moreover, in *REM*, the Court held there was no fiduciary duty owed by defendant because it was neither a manager or a controller and the LLC agreement "did not impose any additional, non-default fiduciary duties on REM OA." (See *REM OA Holdings, LLC v. Northern Gold Holdings, LLC*, Not Reported in Atl. Rptr. [Del.Ch., 2023]). Here, Defendant has not met its burden for the purposes of a motion to dismiss, to conclusively show it was not a controller. Again, in *Stone*, the Court found plaintiff's pleading failed to show defendant owed a fiduciary duty as it merely said, "practically exercising board-level control" over the Company. The Court found this allegation is conclusory and contradictory to other claims where plaintiff admitted having sole control. (*Stone & Paper Investors, LLC v. Blanch*, Not Reported in Atl. Rptr.

652944/2023 BLS HOLDCO, LLC vs. KUSHNER COMPANIES, LLC ET AL Page 9 of 13
Motion No. 001

9 of 13

[Del.Ch., 2020]). Again, this is not the case here. Plaintiff has made specific non conclusory allegations that if found true, demonstrate Defendant's controller capacity.

While both parties cite to substantive Delaware law on this issue, the Court notes that the outcome is aligned under New York law as well. A fiduciary relationship arises "between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation." Put differently, a fiduciary relation exists when confidence is reposed on one side and there is resulting superiority and influence on the other" Ascertaining the existence of a fiduciary relationship "inevitably requires a fact-specific inquiry." (*Roni LLC v. Arfa*, 18 N.Y.3d 846, 848 [2011] [internal quotation marks and citation omitted]). Therefore, under New York law, there is at least a question of fact as to whether there was a fiduciary relationship between the parties.

### III. Second Cause of Action for Unjust Enrichment

Next, Defendant asserts Plaintiff's unjust enrichment claim should be dismissed as it is duplicative of its breach of fiduciary duty claim. In opposition, Plaintiff contends that unlike like its breach of fiduciary duty claim, the basis for its unjust enrichment claim is the Defendant's specific overpayments to itself in the course of the deal, where the breach of fiduciary duty claim goes beyond this.

Under Delaware law, unjust enrichment is the "unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience." The elements of unjust enrichment are (i) an enrichment, (ii) an impoverishment, (iii) a relation between the enrichment and impoverishment, (iv) the absence of justification, and (v) the absence of a remedy provided by law. Courts developed

652944/2023 BLS HOLDCO, LLC vs. KUSHNER COMPANIES, LLC ET AL Page 10 of 13
Motion No. 001

10 of 13

unjust enrichment as a theory of recovery to remedy the absence of a formal contract. *(Stone 2020 WL 3496694)*.

Here, the Court finds that Plaintiff has alleged sufficient facts to meet the elements of an unjust enrichment claim. Plaintiff alleges that during the joint venture between the parties, Defendant Kushner, as the party spearheading the investment and coordinating funding for the project, unjustly enriched itself with funds that should have been distributed to Plaintiff. While some of these allegations form the basis for Plaintiff's breach of fiduciary duty claim, this does not prevent Plaintiff from pleading unjust enrichment as an alternative theory of liability per se. Thus, based on the allegations in the Complaint and reasonable inferences drawn from them, Plaintiff has alleged sufficient facts which would constitute unjust enrichment.

Similarly, the elements of an unjust enrichment claim in New York are that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit [the other party] to retain what is sought to be recovered. (See *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 182, 944 N.E.2d 1104, 1110 [2010]). For the reasons set forth above, Plaintiff has adequately plead a claim for unjust enrichment under New York Law. However, as explained previously, not all of Plaintiff's allegations survive the statute of limitations threshold. Therefore, Plaintiff's unjust enrichment claim survives only to the extent that the allegations occurred within Delaware's three-year statute of limitations, as prescribed above.

## IV.    Accounting

Next, Defendants assert Plaintiffs accounting must be dismissed as Delaware law does not provide a free-standing independent cause of action for an accounting but rather "'an

652944/2023   BLS HOLDCO, LLC vs. KUSHNER COMPANIES, LLC ET AL          Page 11 of 13
Motion No.  001

11 of 13

accounting is an equitable remedy that consists of the adjustment of accounts between parties and a rendering of a judgment for the amount ascertained to be due to either as a result.'" (See *Garza v. Citigroup Inc.*, 192 F. Supp. 3d 508, 511 [D. Del. 2018]). Plaintiff concedes that under Delaware law, a claim for an accounting is a remedy and not an independent cause of action. However, Plaintiff argues that here it has stated one or more predicate claims. Thus, as the court has found Plaintiff has adequately plead a cause of action for breach of fiduciary duty and unjust enrichment, its claim for accounting is proper.

**V.     Third Cause of Action for Aiding and Abetting Breach of Fiduciary Duty**

Lastly, Defendants move to dismiss Plaintiff's claim for aiding and abetting breach of fiduciary duty against Mr. Morelli. Defendant alleges Plaintiff does not belong as a Defendant in this lawsuit as the complaint "makes only passing references to him and does not begin to explain how he knowingly aided and abetted any breach of fiduciary duty." Furthermore, Defendant contends, the Complaint is devoid of allegations of knowing participation. In response, Plaintiff asserts that its allegations that Mr. Morali withheld information and made misrepresentations, pushed for the repayment of loans to the detriment of plaintiff, and personally assured plaintiff that defendant did not face significant exposure from the putative class actions.

The elements of a claim for aiding and abetting a breach of fiduciary duty are: (1) the existence of a fiduciary relationship, (2) a breach of the fiduciary's duty, (3) knowing participation in that breach by the defendants, and (4) damages proximately caused by the breach. (*Stone & Paper Invs., LLC v. Blanch, C.A*. No. 2018-0394-PAF, 2020 WL 3496694 [Del. Ch. June 29, 2020]). Here, as the Court has explained above, Plaintiff's claim for breach of fiduciary duty withstands at this stage in the litigation. Thus, the determinative issue here is

[* 12]

whether Plaintiff has adequately plead defendant Morali's known participation in that breach. The Court finds that plaintiff has made such adequate allegations. Granting Plaintiff with all favorable inferences, there is sufficient allegations to substantiate a claim that defendant Moralli, as a conduit and representative of Defendant Kushner, knowingly made misrepresentations to plaintiff which negatively impacted their investment, such as the improper deregulation of the multi-family buildings.

The foregoing constitutes the Decision and Order of the Court.

20240202094927LFRANK780299D0DB2204A5C81E8845F4E6A7E07

_____
**2/1/2024**
**DATE**

_____
**LYLE E. FRANK, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | REFERENCE |

652944/2023   BLS HOLDCO, LLC vs. KUSHNER COMPANIES, LLC ET AL          Page 13 of 13
Motion No.  001

13 of 13