Time Warner Cable Enters. LLC v Nokia of Am. Corp. (2024 NY Slip Op 03348)

Time Warner Cable Enters. LLC v Nokia of Am. Corp.

2024 NY Slip Op 03348

Decided on June 18, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 18, 2024

Before: Manzanet-Daniels, J.P., Kennedy, Scarpulla, Shulman, Higgitt, JJ. 

Index No. 650748/22 Appeal No. 2526&M-2024-1609 Case No. 2023-02727 

[*1]Time Warner Cable Enterprises LLC, Appellant-Respondent,
v
Nokia of America Corporation, Respondent-Appellant.

Arnold & Porter Kaye Schler LLP, New York (Daniel L. Reisner of counsel), for appellant-respondent.
McKool Smith, P.C., New York (Robert Scheef of counsel), for respondent-appellant.

Order, New York County (Robert R. Reed, J.), entered on or about March 30, 2023, which, to the extent appealed from as limited by the briefs, granted defendant's motion to dismiss plaintiff's claim insofar as it alleges defendant had a contractual duty to defend plaintiff in an underlying patent-infringement litigation and to assume all costs of that defense as per the parties' Master Product Purchase and License Agreement (MPA), but denied defendant's motion to dismiss the claim insofar as it seeks defendant's allocable share of defense costs incurred by plaintiff in the underlying litigation, unanimously modified, on the law, to deny defendant's motion to dismiss the claim as to the duty to defend and for defense costs predicated upon the MPA, and otherwise affirmed, without costs.
The factual allegations in the complaint and documentary evidence submitted demonstrate that plaintiff has sufficiently alleged a timely, viable claim for defendant's failure to provide a defense in the underlying patent-infringement litigation (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]). The underlying litigation resulted in a jury award against plaintiff for unauthorized use of telecommunications equipment and software in which Sprint Communications Co., L.P. held patents, and which equipment plaintiff alleges was supplied by defendant, as well as another unrelated entity. The complaint alleges that plaintiff, which is incorporated in Delaware, has its principal place of business in St. Louis, Missouri, where it is a "resident," and the economic impact of the jury award is felt in that state (see Portfolio Recovery Assoc., LLC v King, 14 NY3d 410, 416 [2010]; Interventure 77 Hudson LLC v Falcon Real Estate Inv. Co., LP, 172 AD3d 481, 481 [1st Dept 2019]).
Section 22.10 of the parties' MPA, provides that New York law governs the agreement. New York's borrowing statute (CPLR 202) is implicated here where the plaintiff is a nonresident. Under the borrowing statute, plaintiff's claim must be timely under both the statute of limitations of the jurisdiction where plaintiff is a "resident," i.e., Missouri's five-year limitations period for breach of contract claims, and New York's six-year statute of limitations for such claims (see CPLR 213; see also Global Fin. Corp. v Triarc Corp., 93 NY2d 525, 528 [1998]; Proforma Partners v Skadden Arps Slate Meagher & Flom, 280 AD2d 303 [1st Dept 2001], lv denied 96 NY2d 722 [2001]). While plaintiff first gave defendant written notice of the Sprint litigation in January 2012, such that defendant was then on notice it was obligated under the MPA to "assume" the defense of plaintiff at "its sole cost," the duty to defend remained a continuing obligation until the conclusion of the action, when the promisor of the duty to defend (here, defendant) could no longer provide a defense (see e.g. Ghaly v First Am. Tit. Ins. Co. of N.Y., 228 AD2d 551, 552 [2d Dept 1996]; Roldan v Allstate Ins. Co., 149 AD2d 20 [2d Dept 1989]). A judgment [*2]upon a jury award in the Sprint litigation was entered on or about March 14, 2017, and plaintiff commenced the instant action in February 2022, which was within five years of entry of the judgment. The original written notice plaintiff gave defendant in January 2012 of the Sprint litigation, along with a copy of the pleadings at such time, provided sufficient notice to defendant of its duty to defend, and a formal tender of the defense to defendant was unnecessary (see Deutsche Bank Trust Co. of Ams. v Tri-Links Inv. Trust, 74 AD3d 32, 41 [1st Dept 2010]).
The court should not have dismissed plaintiff's claims for defense costs given that the language in the MPA at sections 11.1 through 11.3 provides for defendant not only to be held separately responsible for defense expenses attributable to its defense of plaintiff against any "allegation" of patent infringement linked to telecommunication products it may have supplied to plaintiff, but that defendant could also be obligated to pay for any "liabilities" determined by the court as linked to products it may have supplied to plaintiff. Since defendant's obligation to defend was a continuing one, plaintiff's timely commencement of this action in February 2022, relative to the date of the Sprint litigation jury award and judgment dated on or about March 14, 2017, enables plaintiff to reach back to January 2012 to recover its Sprint litigation defense expenses, which was the date plaintiff gave defendant notice of the Sprint litigation.
A reading of the terms in the parties' 2013 letter agreement makes clear that such agreement was not intended to supplant the parties' rights under the MPA. Rather, it was only to serve as a temporary understanding between the parties regarding the interim allocation of defense costs, as they accrued, in the Sprint litigation.
 M-2024-1609 — Time Warner Cable Enters. LLC v Nokia of Am. Corp.
Motion to strike portions of defendant's brief, denied. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 18, 2024